### LAKE SHORE FOUNDRY v. CLEVELAND (CITY) ET AL.

**1. BIDS NOT IN CONFORMITY WITH ADVERTISEMENT.**

When a city advertises for bids for water pipe, and accepts a bid claimed to be invalid as not in conformity to the advertisement, the next lowest bidder may bring suit in injunction, without request under sec. 1778, Rev. Stat., to the city solicitor to bring it.

**2. SECOND HAND GOODS WHERE NEW GOODS ADVERTISED FOR.**

When the advertisement and specifications referred to in it ask only for bids for new pipe, a bid for second-hand pipe cannot be accepted.

**3. CONDITIONS MATERIALLY AFFECTING PRICE CANNOT BE WAIVED.**

The city cannot waive conditions materially affecting the price, which right of waiver is not reserved by the city and of which no notice is given beforehand.

ON APPLICATION for temporary injunction.

The city of Cleveland, by its director of public works, wishing to purchase cast-iron water pipe exceeding $5,000 in value, on January 19, 1894, advertised for sealed proposals to be received February 16, 1894, "for furnishing and delivering such cast-iron water pipe and special castings as may be required by the waterworks division of the department of public works of the city of Cleveland."

In the advertisement, reference was made, for plans and specifications, to the office of the superintendent of the waterworks. The city reserved the right to reject any and all bids, or to award a contract for a part.

Plaintiff bid $21.45 per ton for the pipe, and $45.00 per ton for special castings. The specifications referred to provided for the manufacture of the pipe as follows:

"The metals of the said castings shall be poured from remelted pigs of what is commercially known as 'neutral' pig-iron, as shall give uniform granulation in the separate and several sizes of castings, acceptable to the director of public works. All plain pipe shall be cast in dry sand moulds or flasks vertically. All pipes over twelve inches diameter to be cast hub end down. The founders may be required at any time to furnish for inspection, test bars cast from the molten metal from which the pipe is being made. These bars shall be twenty-six inches long, two inches wide and one inch thick, cast as near as possible to the dimensions here given. These bars shall be tested for transverse strength when loaded in the center two feet between supports, narrow side vertical, and shall carry a center-breaking load of not less than 1,900 pounds, and shall show a deflection of, or not less than, $\frac{25}{100}$ of an inch before breaking. The weight of each pipe must correspond as nearly as possible to the standard given. Any pipe or special which may fall short over 3 per cent. of the standard weight shall be rejected, and no pipe shall be allowed or paid for that shall exceed 3 per cent. of the standard weight."

James E. Clow & Son, of Chicago, offered a bid ranging from $17.50 to $19.50 for second-hand pipe, modifying the specification in their bid, as follows:

"The pipe we tender you has been in the ground at the World's Fair, Jackson Park, Chicago, Illinois, about one year. It is in perfect condition. Governed by your specifications, we will heat and retar the pipe, making it new to all intents, and under your supervision test to your satisfaction and approval. The weight of the small sizes is considerably in excess of your requirements. We will, however, furnish these pipes at your specified weight, assuming ourselves the loss from overweight."

This last bid was accepted; plaintiff's next higher bid was rejected, and plaintiff asks an injunction against the execution and performance of the contract.

The case was heard on an application for temporary injunction.

PER CURIAM: "It is objected in this case that the plaintiff has no standing to make this contest; that under sec. 1778, Rev. Stat., it should ask the city solicitor to bring this suit, and can only do it itself on being refused. That section

applies to a taxpayer's right to bring a suit to protect the public interest, and not to this case, where the plaintiff has the personal interest in this controversy that it claims to be the lowest bidder to whom this contract should be awarded, if to any one. In *Boren & Guckes* v. *Comrs. Darke Co.*, 21 O. S., 311, the court say, on page 324, "In no other manner can the right of bidders and the manifest policy of the statute in relation to the public interest be adequately secured and conferred," and in *State* v. *Comrs.*, 18 O. S., 386-390, it is plainly stated that an injunction is a proper remedy. As a taxpayer without any special interest, he would only sue under sec. 1778, Rev. Stat.

The obvious purpose of the statute, 88 O. L., 105, secs. 75 and 76, is to invite competition in the purchase of material by the city. This competition is obtained by requiring all bidders to name a price for which the specific article designated will be furnished. It is then easy to determine the lowest and best bid for furnishing the same material.

It is manifest that there is a marked difference between the commercial value of new and second-hand water pipe. The specifications plainly contemplate that the pipe is to be new, and so manufactured as to be inspected during the process of manufacture. The bid of Clow & Son proposes to furnish second-hand pipe. Under specifications calling for new pipe a bid received for furnishing second-hand pipe is without any competition with others of the same class and should be excluded as not conforming to the specifications.

If the city will waive conditions materially affecting the price, that fact should be known before the bids are made and should appear in the advertisement or specifications. Authorities are cited showing that certain formal defects in bids may be waived. This waiver of formal defects does not apply to changes in the requirements of the advertisement and specifications so material as to substantially affect the price.

The temporary injunction will be granted.

*Messrs. Burke & Ingersoll*, for plaintiff in error.

*Messrs. Lawrence, Estep, Weh & Henry*, for defendant in error.